PD-0378-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/9/2015 2:47:09 PM
Accepted 4/15/2015 3:28:58 PM
ABEL ACOSTA
CLERK

No._____

**IN THE**
**COURT OF CRIMINAL APPEALS OF TEXAS**

**NO. 10-14-00369-CR**

**IN THE COURT OF APPEALS**
**TENTH JUDICIAL DISTRICT**
**WACO, TEXAS**

**CAUSE NO. F48257**
**413TH JUDICIAL DISTRICT COURT**
**OF JOHNSON COUNTY, TEXAS**

**BILLY JOE BOOKER**
        **APPELLANT**
**VS.**
**STATE OF TEXAS,**
        **APPELLEE**

# PETITION FOR DISCRETIONARY REVIEW OF APPELLANT BILLY JOE BOOKER

FILED IN
COURT OF CRIMINAL APPEALS

April 15, 2015

ABEL ACOSTA, CLERK

Lane E. Rugeley
16 N. Caddo
Cleburne, Texas 76031
817-641-4055 Phone
817-641-0003 Fax
Email: laner@rugeleylaw.com
State Bar No. 17383000
Attorney for Petitioner

1

# IDENTITY OF JUDGE, PARTIES AND COUNSEL

The following is a complete list of the names and addresses of all parties to the trial court's final judgment, as well as their counsel, if any:

Honorable William C. Bosworth, Jr.
413th Judicial District Court
Johnson County, Texas
204 S. Buffalo Street, Suite 202
Cleburne, Texas 76033

Billy Joe Booker
Johnson County Jail
1800 Ridgemar
Cleburne, Texas 76031

Dale Hanna
District Attorney
Guinn Justice Center
204 S. Buffalo
Cleburne, Texas 76033

Derek Dumas
Trey Brown
Assistant District Attorneys
Guinn Justice Center
204 S. Buffalo
Cleburne, Texas 76033

William G. Mason
Trial Attorney for Appellant
P.O. Box 767
Cleburne, Texas 76033

Lane E. Rugeley
Appellate Attorney for Appellant
16 N. Caddo St.
Cleburne, Texas 76031

# TABLE OF CONTENTS

**SUBJECT**                                                      **PAGE**

Identities of Parties and Counsel.................................... 2

Table of Contents................................................... 3

Index of Authorities................................................ 4

Statement Regarding Oral Argument.................................... 5

Statement of Case................................................... 5

Statement of Procedural History..................................... 6

Grounds for Review.................................................. 6

Reasons for Review.................................................. 6

Argument in Support for Reasons for Review.......................... 7

1.    The Court of Appeals erred in holding that §37.07 (c) (3) makes the manifest necessity analysis for the proper declaration of a mistrial over the Defendant's objection inapplicable and not necessary to trigger double jeopardy protection.

2.    The Court of Appeals erred in holding that the trial judge did not abuse his discretion in granting a mistrial over Appellant's objection during the punishment phase of a criminal trial.

Prayer.............................................................. 12

Certificate of Service.............................................. 12

Certificate of Compliance........................................... 13

Appendix............................................................ 14

# INDEX OF AUTHORITIES

**CASES**                                                    **PAGE**

**UNITED STATES SUPREME COURT**

*Oregon v. Kennedy*.............................................. 7, 8, 9 & 10
456 U.S. 667, 672, 72 L. Ed.2d 416, 102 S. Ct. 2083 (1982)

*Arizona v. Washington*............................................. 7 & 10
434 U.S. 497, 503, 98 S. Ct. 824, 54 L. Ed.2d 717 (1978)

**TEXAS COURT OF CRIMINAL APPEALS**

*Brown v. State*.......................................................10
        907 S.W.2d 835, 839 (Tex. Crim. App. 1995)

*Ex parte Garza*.......................................................9
        337 S.W.3d 903, 909 (Tex. Cri. App. 2011)

*Hill v. State*........................................................7 & 9
        90 S.W.3d 308, 313 (Tex. Crim. App. 2002)

**UNITED STATES CONSTITUTION**                               **PAGE**

FIFTH AMENDMENT................................................ 9

SIXTH AMENDMENT .............................................8

FOURTEENTH AMENDMENT....................................8

**TEXAS CONSTITUTION**                                       **PAGE**

ART. 1, SEC. 15.....................................................8 & 9

**STATUTORY PROVISIONS**                                     **PAGE**

TEX. CODE CRIM. PROC. ANN. Art. 36.31...........................8

TEX. CODE CRIM. PROC. ANN. Art. 37.07.........................7, 8 & 9

THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

BILLY JOE BOOKER Appellant, respectfully submits this petition for discretionary review:

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is hereby waived.

## STATEMENT OF THE CASE

A Johnson County Grand Jury returned a true bill of indictment on March 27, 2014 against Appellant charging him with Driving While Intoxicated Third and enhanced by two prior felony convictions. After the presentation of the evidence, the jury found Appellant guilty. Appellant elected the jury to determine punishment. The jury deliberated approximately five hours during one day and sent six notes to the trial court during that time. The trial court indicated that it intended to declare a mistrial, dismiss the jury during the punishment phase of jury deliberation and order the retrial of the punishment phase of the trial by a new jury. The Defendant objected to the declaration of a mistrial based on a deadlocked jury, requested an Allen charge and for the jurors to reconvene the following Monday. Thereafter, the trial court overruled the objection, refused to give an Allen Charge, dismissed the jury and set the case for a new punishment trial with a new jury.

Appellant filed an application for a writ of habeas corpus based on double jeopardy. After an evidentiary hearing, the trial court denied the application for a

writ of habeas corpus and appointed the undersigned as Appellate Counsel for Appellant.

On December 29, 2014, Appellant appealed to the 10th Court of Appeals. On March 12, 2015, the 10th Court of Appeals rendered a judgment affirming the trial Court's order denying Appellant's application for a writ of habeas corpus.

## STATEMENT OF PROCEDURAL HISTORY

The 10th Court of Appeals affirmed the judgment of the trial court in a decision rendered March 12, 2015. Appellant did not file a motion for rehearing. Appellant now files his petition for discretionary review pursuant to Rule 68 Texas Rules of Appellate Procedure.

## GROUNDS FOR REVIEW

### GROUND ONE:

The Court of Appeals erred in holding that Tex. Code Crim. Pro. Ann. Art. 37.07 (c) (3) makes the manifest necessity analysis for the proper declaration of a mistrial over the Defendant's objection inapplicable and not necessary to trigger double jeopardy protection.

### GROUND TWO:

The Court of Appeals erred in holding that the trial judge did not abuse his discretion in granting a mistrial over Appellant's objection during the punishment phase of a criminal trial.

## REASONS FOR REVIEW

A.   The Court of Appeals has erroneously decided important questions of state and federal law that have not been, but should be settled by this Court.

B.  The Court of Appeals has decided important questions of state and federal law in conflict with applicable decisions of the Supreme Court of the United States.

## ARGUMENT IN SUPPORT OF REASONS FOR REVIEW

Grounds One and Two are argued together.

The Court should exercise its discretion to hear this appeal given the Court's unique jurisdiction to relieve Appellant from the erroneous decision of the 10th Court of Appeals that manifest necessity is not applicable to the proper declaration of a mistrial over the objection of the Defendant and does not trigger double jeopardy protection due to the language of Tex. Code Crim. Pro. Ann. Art. 37.07 § (3)(c). The Appellate Court's decision conflicts with this honorable Court's decision in *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002), and the U.S. Supreme Court's decisions *Arizona v. Washington* 434 U.S. 497, 503, 98 S. Ct. 824, 54 L. Ed.2d 717 (1978) and *Oregon v. Kennedy*, 456 U.S. 667, 672, 72 L. Ed.2d 416, 102 S. Ct. 2083 (1982) Further, the 10th Court of Appeals erred in holding that the trial court did not abuse its discretion in declaring the mistrial and denying Appellant's application for a writ of habeas corpus.

The 10th Court of Appeals ruled that a showing of manifest necessity for the declaration of a mistrial during the punishment phase of the trial is not required citing Tex. Code Crim. Pro. Ann. Art. 37.07 § (3)(c).

7

Tex. Code Crim. Pro. Ann. Art. 37.07 § (3)(c) states "If the jury finds the defendant guilty and the matter is referred to the jury , the verdict shall not be complete until a jury verdict has been rendered on both the guilt or innocence of the defendant and the amount of punishment. In the event the jury shall fail to agree on the issue of punishment, a mistrial shall be declared only in the punishment phase of the trial, the jury shall be discharged, and no jeopardy shall attach. The Court shall impanel another jury as soon as practicable to determine the issue of punishment."

The proper declaration of a mistrial is still required under Tex. Code Crim. Pro. Ann. Art. 37.07 § (3)(c). A mistrial can be declared when a jury cannot agree on a verdict and both parties consent to the jury's discharge or when the court in its discretion discharges the jury after it has deliberated unsuccessfully for such time as to render it altogether improbable that the jurors can agree. TEX. CODE CRIM. PROC. Art. 36.31 The length of time the jury must deliberate rests in the discretion of the trial court. The "manifest necessity" standard is part of the abuse of discretion standard when a mistrial is granted over the objection of the defendant. *Oregon*, 456 U.S. at 672.

A declaration of a mistrial can bar a second prosecution for the same offense since a Defendant has the right to have a particular jury sit in judgment. U.S. Const. Sixth Amendment, U.S. Const. Fourteenth Amendment. Tex. Const. Art. I, Sec. 15. In Texas, an accused has a right to elect that the jury determine his punishment. Tex. Code Crim. Pro. Ann. Art. 37.07 The prohibition against a second trial is not automatic and ordinarily applies only if the Defendant has not

consented to the mistrial or manifest necessity did not exist. *Oregon*, 456 U.S. at 672, (1982) ; *Hill*, 90 S.W.3d at 313.

A Defendant may not be put in jeopardy twice for the same offense, U. S. CONST. AMEND. V.; Tex. Const. art. 1, §14; *Arizona v. Washington* 434 U.S. 497, 503, 98 S. Ct. 824, 54 L. Ed.2d 717 (1978) Jeopardy attaches when the jury is impaneled and sworn. *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002) A mistrial declared after jeopardy attaches and over the Defendant's objection, ordinarily bars further prosecution for the same offense. *Ex Parte Garza*, 337 S.W.3d 903, 909 (Tex. Cri. App. 2011) When the trial is terminated over objection of the defendant, the classical test for lifting the double jeopardy bar to a second trial is the "manifest necessity" standard. *Oregon,* 456 U.S. at 672 ; *Hill*, 90 S.W.3d at 313

The most common form of "manifest necessity" is a mistrial declared by the judge following the jury's declaration that it was unable to reach a verdict. *Oregon,* 456 U.S. at 672 (1982) The same situation we have in this case.

The circumstances must render it impossible to arrive at a fair verdict, to continue the trial, or involve trial error that would trigger an automatic reversal on appeal if a verdict was returned. *Garza*, 337 S.W. 3d at 909. The trial court abuses its discretion if it declares a mistrial without considering the availability of less drastic alternatives and reasonably ruling them out. *Id.*

A manifest necessity for discharge of the jury may arise when the jury is unable to agree on a verdict. *Arizona*, 434 U.S. at 505. The trial court's determination that a deadlock should result in a mistrial is committed to the trial court's broad discretion and such discretion should be accorded great deference on appeal. *Id.* at 505.

The U.S. Supreme Court stated in *Oregon* that "The "manifest necessity standard" provides sufficient protection to the defendant's interest in having his case finally decided by the jury first selected while at the same time maintaining the public's interest in fair trials designed to end in just judgments". *Oregon*, 456 U.S. at 672

Despite a trial court's discretion in declaring a mistrial based a manifest necessity, the trial judge is required to consider and rule out less drastic alternatives prior to granting the mistrial. *Brown v. State*, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995)

In this case, the jury found the Defendant guilty of driving while intoxicated third. During the punishment phase, the jury deliberated for 5 hours and 12 minutes during one day, Friday, before the trial court declared a mistrial over Defendant's objection. (2 R.R. at 81-82)

The jury sent the trial court six notes in that 5 hour and 12 minute deliberation time as follows:

Note 5 (3:46 p.m.) - We are hopelessly deadlocked. (3 R.R. at 9 and 4 R.R. Def. Ex. 2) Response – You are to deliberate until 4:30 p.m., if no verdict by then,

10

I will recess and reconvene the jury at 9:00 a.m. Monday for further deliberations. (3 R.R. at 9 and 4 R.R. Def. Ex. 2)

Note 6 (4:18p.m.) – "Can you speak to a juror individually or to us again. 1 juror doesn't or isn't able to make a decision based on the evidence". (3 R.R. at 9 and 4 R.R. Def. Ex. 2) The Court discusses note six with counsel. (2 R.R. at 77-79) The State wants a mistrial. (2 R.R. at 79) The Appellant did not want a mistrial, requested an Allen Charge be given to the jury and to reconvene Monday (2 R.R. 78-80) The Court states "But it is 4:20 now and we're just running out of time today, and I don't have the overtime available to pay the Deputies to stay and keep the building open past 6 today. It would be easier to retry it during standard business hours in a week-and-a-half or two weeks from now then it would be to do that. (2 R.R. at 80) The Court responds with a mistrial and dismisses the jury over Appellant's objection. (2 R.R. at 81)

Appellant submits that the Court of Appeals erred in holding that "manifest necessity" is not applicable to the abuse of discretion analysis in declaring a mistrial over a defendant's objection due to the language in Tex. Code Crim. Pro. Ann. Art. 37.07 § (3)(c). The 10th Court of Appeals decision is in direct conflict with the U. S. Supreme Court decisions cited herein and this Honorable Court's decisions cited herein. Further, the Court of Appeals erred in holding that trial court did not abuse its discretion in denying Appellant's application for a writ of

11

habeas corpus based on Appellant's right to not be placed in jeopardy twice for prosecution of the same offense in light of the trial court basing its decision to declare a mistrial on convenience of the court and the inability to pay court personnel overtime.

## PRAYER

WHEREFORE, for the above and foregoing reasons, Appellant respectfully prays that this petition be granted.

Respectfully submitted,

Rugeley & Associates, P.C.
Attorneys At Law
16 N. Caddo
Cleburne, TX 76033
Tel: (817) 641-4055
Fax: (817) 641-0003

By: /s/ Lane E. Rugeley
State Bar No. 24003995
Email: laner@rugeleylaw.com
Attorney for Billy Joe Booker

## CERTIFICATE OF SERVICE

This is to certify that on April 9, 2015 a true and correct copy of the above and foregoing Petition for Discretionary Review was served on the Johnson County District Attorney's Office, 204 South Buffalo Ave., Cleburne, Texas 76033, by e-mail and to Billy Joe Booker by Certified Mail/RRR.

/s/ Lane E. Rugeley

12

## CERTIFICATE OF COMPLIANCE

At the request of the Court, I certify that this submitted email attachment complies with the following requests of the Court:

1. This filing is labeled with or accompanied by the following information:

   a. Case Name: Billy Joe Booker v. State
   b. The Docket Number: 10-14-0369-CR
   c. The Type of Brief: Brief of Appellant
   d. The Word Processing Software and Version Used to prepare the filing:
      Microsoft Word 2010 converted to PDF by Adobe XI Standard

2. This disc or CD (or email attachment) contains only an electronic copy of the submitted filing and does not contain any appendices, any portion of the appellate record (other than a portion contained in the text of the filing) hypertext links to other material, or any document that is not included in the filing.

   The document contains 2,614 words and complies with TRAP 9.4

3. The electronic filing is free of viruses or any other files that would be disruptive to the Court's computer system. The following software, if any, was used to ensure the filing is virus-free: Norton.

4. I understand that a copy of this filing will be posted on the Court's web site and becomes part of the Court's record.

5. Copies have been sent to all parties associated with this case.

/s/ Lane E. Rugeley                                     April 9, 2015

_____        _____
(Signature of filing party)                        Date
Lane E. Rugeley
Rugeley & Associates, P.C.
Attorneys at Law
16 N. Caddo
Cleburne, Texas 76031

13

# APPENDIX "A"



# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00369-CR

## EX PARTE BILLY JOE BOOKER

From the 413th District Court
Johnson County, Texas
Trial Court No. F48257

## MEMORANDUM OPINION

After his conviction for the offense of driving while intoxicated, Billy Joe Booker filed an application for writ of habeas corpus. The trial court held an evidentiary hearing and denied the application for writ of habeas corpus. Booker appeals from the trial court's order denying his application for writ of habeas corpus. We affirm.

### Background Facts

Booker was charged with the offense of driving while intoxicated third offense or more. The indictment also alleged two prior felony convictions for enhancement purposes. The jury convicted Booker of the offense of driving while intoxicated third offense or more. During the punishment phase of the trial, Booker pleaded not true to

the two enhancement allegations. The State called a fingerprint expert to prove the prior convictions alleged in the indictment. Michael Owens, with the Burleson Police Department, testified that the fingerprints he took from Booker matched those contained in the "pen packets" for Booker's prior convictions. The "pen packets" were admitted as evidence and contained judgments of conviction in two prior felony offenses.

During closing arguments, defense counsel stated to the jury that the prior convictions were not final and could not be considered for enhancement because there was no showing that the convictions were not appealed. The State objected to the argument, and the trial court instructed that the State would be able to respond during its final argument.

During deliberations on punishment, the jury sent out a total of six notes. The notes indicated that there was confusion and disagreement over whether the prior convictions were final convictions for enhancement purposes. The second note from the jury asked:

> What is considered a final conviction? I.E., is serving time in prison enough or is (sic)other steps needed? What does final mean?

The trial court responded that it was unable to answer the question presented and instructed the jurors to continue deliberations.

The jury later sent a third note that stated:

> We are unable to compromise or reach a unanimous decision on number of years. Majority agrees previous felonies are final. Any suggestions?

The trial court responded to continue deliberations. The jury then sent a fourth note that said, "If you have waived a right to a jury trial, have you also waived your right to appeal?" The trial court instructed the jury that it was not permitted to answer the questions presented and instructed the jury to continue deliberations. The jury sent a fifth note at 3:46 p.m. that said, "We are hopelessly deadlocked." The trial court instructed the jury to continue deliberations until 4:30 p.m. and if there was not a verdict at that time, the trial court would recess and reconvene at 9:00 a.m. Monday morning for further deliberations.

Finally, the jury sent a sixth note that asked:

Can you speak to a juror individually or to us again? One juror doesn't or isn't able to make a decision based on the evidence.

The trial court discussed the issue with Booker's trial counsel and the State. The trial court noted that the jury appeared to be deadlocked and that they are "hung up" on the finality of the enhancements. Booker indicated that he did not want to declare a mistrial and he requested that the trial court give an "Allen" charge[1] to the jury and reconvene on Monday. The trial court noted that there were no signs of progress in the deliberations and that while in the hallway he heard jurors yelling and slamming doors. The trial court declared a mistrial and dismissed the jury over Booker's objection.

### Double Jeopardy

In his sole issue on appeal, Booker argues that the trial court erred in denying his application for writ of habeas corpus based on a claim of double jeopardy. An appellate

---

[1] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App.), cert. denied, 549 U.S. 1052, 127 S.Ct. 667, 166 L.Ed.2d 514 (2006); Ex parte Graves, 271 S.W.3d 801, 803 (Tex.App.-Waco 2008), cert. den'd, 558 U.S. 902, 130 S. Ct. 261, 175 L. Ed. 2d 176, 2009.

Double jeopardy protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. United States v. Dixon, 509 U.S. 688, 695-96, 113 S.Ct. 2849, 2855-56, 125 L.Ed.2d 556 (1993); Ellis v. State, 99 S.W.3d 783, 786 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd). The Texas Code of Criminal Procedure provides:

> (c) If the jury finds the defendant guilty and the matter of punishment is referred to the jury, the verdict shall not be complete until a jury verdict has been rendered on both the guilt or innocence of the defendant and the amount of punishment. In the event the jury shall fail to agree on the issue of punishment, a mistrial shall be declared only in the punishment phase of the trial, the jury shall be discharged, and no jeopardy shall attach. The court shall impanel another jury as soon as practicable to determine the issue of punishment.

TEX. CODE CRIM PRO. ANN. ART. 37.07 Sec. (3) (c) (West Supp. 2014). A mistrial declared after a trial judge has determined that the jury cannot agree upon a verdict does not terminate the original jeopardy to which the defendant was subjected and, therefore, does not result in double jeopardy.[2] Ellis v. State, 99 S.W.3d at 787.

---

[2] Booker contends that manifest necessity was required to discharge the jury without his consent. A defendant may be tried for an offense a second time without violating double-jeopardy principles if the prosecution ends prematurely as the result of a mistrial: 1) if the defendant consents to the mistrial; or 2)

The length of time the jury may be held for deliberation rests in the discretion of the trial judge. Ellis v. State, 99 S.W.3d at 787. Whether the court abused its discretion is determined by the amount of time the jury deliberates in light of the nature of the case and the evidence. Id. Whether it is improbable the jury would render a verdict may also be evidenced by how long the jury was deadlocked and whether the margin of disagreement had changed during the course of deliberations. Id.

The record shows that the jury deliberated for five hours and twelve minutes. During that time, the jury sent out several notes indicating their confusion on whether the prior convictions were final for enhancement purposes. The series of notes from the jury suggests that no progress had been made or was likely to be made. The trial court noted that the jurors were arguing with each other and that it was not "productive". The trial court did not abuse its discretion in determining that the jury could not agree upon a verdict. See Ellis v. State, 99 S.W.3d at 787. We find that there was no violation of Booker's right against double jeopardy. We further find that the trial court did not abuse its discretion in denying Booker's application for writ of habeas corpus. We overrule the sole issue on appeal.

## Conclusion

We affirm the trial court's judgment denying Booker's application for writ of habeas corpus.

---

there was manifest necessity to grant the mistrial. Ex Parte Garza, 337 S.W.3d 903 (Tex. Crim. App. 2011). However, TEX. CODE CRIM PRO. ANN. ART. 37.07 Sec. (3) (c) (West Supp. 2014) provides that a mistrial shall be declared when the jury fails to agree on punishment and that jeopardy does not attach. Therefore, manifest necessity is not applicable.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed March 12, 2015
[CR 25]

